UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KIMBERLY RAMIREZ, § § *Plaintiff,* § § v. § § 24 HOUR FITNESS USA, INC. AND § 24 HOUR FITNESS, § § *Defendants.* § | Civil Action No. 4:12-cv-1922 |

## **24 HOUR FITNESS USA, INC.'S MOTION FOR SUMMARY JUDGMENT**

To the Honorable Sim Lake, U.S. District Judge:

Defendant 24 Hour Fitness USA, Inc.[1] respectfully moves for summary judgment on all claims asserted by the Plaintiff, Kimberly Ramirez ("Ramirez"). Ramirez has sued 24 Hour Fitness USA, Inc. for negligence in connection with a slip-and-fall incident. Ramirez's claims, however, are barred by a valid release of liability contained within the Club Membership Agreement she signed when she became a member of 24 Hour Fitness. Therefore, summary judgment should be granted.

---

[1] Ramirez's Original Petition appears to name two defendants: 24 Hour Fitness USA, Inc. and "24 Hour Fitness." *See generally* Pl.'s Orig. Pet. (Ex. A). 24 Hour Fitness USA, Inc. has previously informed the Court that "24 Hour Fitness" is a non-existent entity. *See* 24 Hour Fitness USA, Inc.'s Orig. Ans., n. 1 (Doc. # 1-3). Indeed, even Ramirez's Original Petition seems to acknowledge this. *See* Pl.'s Orig. Pet. ¶ 5 (acknowledging that "24 Hour Fitness" is not the name of an entity and reserving the right to substitute in the correct legal name for 24 Hour Fitness). 24 Hour Fitness USA, Inc. has acknowledged that it is the proper party to this lawsuit. Ramirez has neither disputed this nor substituted in the name of another entity. Therefore, the claims against "24 Hour Fitness" should be dismissed.

## I.
## NATURE AND STAGE OF PROCEEDINGS

This is a personal injury action. Ramirez, a 24 Hour Fitness member, claims she was injured when slipped and fell at a 24 Hour Fitness club. She has sued 24 Hour Fitness USA, Inc. for negligence.

Ramirez filed this action on June 2, 2012 in the District Courts of Harris County, Texas. *See generally* Pl.'s Orig. Pet. 24 Hour Fitness USA, Inc. removed this action to this Court on June 27, 2012 on the basis of diversity jurisdiction. *See* Notice of Removal (Doc. # 1).

## II.
## STATEMENT OF THE EVIDENCE

24 Hour Fitness USA, Inc. relies on the following evidence in support of this Motion for Summary Judgment:

Exhibit A - Ramirez's Original Petition;

Exhibit B - Ramirez's Club Membership Agreement (also Exhibit 2 to Ramirez's Deposition);

Exhibit C - Excerpts from the Transcript of Ramirez's Deposition; and

Exhibit D - Memorandum Opinion and Order on 24 Hour Fitness USA, Inc.'s Motion for Summary Judgment in Civil Action No. 4:11-cv-1692, *Quasheba Lee v. Star Trac, Inc.*, In the U.S. District Court for the Southern District of Texas, Houston Division (Lake, J.).

## III.
## STATEMENT OF FACTS

This action stems from a slip-and-fall incident that occurred on June 10, 2010 at a 24 Hour Fitness club in Baytown, Texas. *See* Pl.'s Orig. Pet. ¶ 9. Ramirez, a 24 Hour Fitness member, was at the club that day to attend a yoga class. *See id.*

Ramirez claims that when she entered and started walking through the GroupX (short for group exercise) room, she "slipped in a puddle of water and/or sweat that was left on the floor from the [ ] cycle class that had just finished." *Id*. She has sued 24 Hour Fitness USA, Inc. for negligence. *See id*. ¶¶ 12-17.

Ramirez became a 24 Hour Fitness member in December 2007 soon after the club in Baytown first opened. *See* Club Membership Agreement (Ex. B), at 1; Ramirez Depo. Tr. (Ex. C), at 40:10 – 40:14, 49:7 – 49:9. Prior to joining 24 Hour Fitness, Ramirez was a member first at the YMCA and then at Fitness Connection. *See* Ramirez Depo. Tr. at 40:10 – 40:24. She decided to switch over to 24 Hour Fitness when she learned that the a 24 Hour Fitness club was opening in the area. *See id*. at 45:9 – 45:17. Ramirez went to the 24 Hour Fitness club to sign up for a membership around a week after the club opened. *See id*. at 45:18 – 45:21.

When Ramirez became a 24 Hour Fitness member, she signed a membership agreement. *See id*. at 46:17 – 46:19; Club Membership Agreement (also Exhibit 2 to Ramirez's Deposition). On the first page of the Club Membership Agreement, in the same box where Ramirez signed the agreement, is a release of liability. *See* Club Membership Agreement, at 1. The Club Membership Agreement states:

> **RELEASE OF LIABILITY ● ASSUMPTION OF RISK ● BUYER'S RIGHT TO CANCEL**
>
> Using the 24 Hour Fitness USA, Inc. (24 Hour) facilities involves the risk of injury to you or your guest, whether you or someone else causes it. Specific risks may vary from one activity to another and the risks range from minor injury to major injuries, such as catastrophic injuries including death. **In consideration of your participation in the activities offered by 24 Hour, <u>you understand and voluntarily accept this risk and agree that 24 hour</u>, its officers, directors, employees, volunteers, agents and independent contractors <u>will not be liable for any injury</u>,**

> **including, without limitation, personal, bodily, or mental injury, economic loss or any damage to you, your spouse, guests, unborn child, or relatives resulting from the negligence of 24 Hour or anyone on 24 Hour's behalf or anyone using the facilities <u>whether related to exercise or not</u>. . . .**
>
> **NOTICE TO PURCHASER: DO NOT SIGN THIS CONTRACT UNTIL YOU READ IT OR IF CONTAINS BLANK SPACES. . . .**
>
> [Plaintiff's signature]      [Date Signed]

Club Membership Agreement, at 1 (emphases and formatting in original).[2] Ramirez admits that she signed the membership agreement. *See* Ramirez Depo. Tr. at 46:21 – 47:25. Ramirez further admits that she read and understood the membership agreement before signing it. *See id.* at 48:1 – 48:4.

## IV.
## SUMMARY OF ISSUES TO BE RULED UPON

The sole issue raised in this Motion for Summary Judgment is whether Ramirez's claims fail as a matter of law on account of the release of liability in Ramirez's Club Membership Agreement. Federal Rule of Civil Procedure 56(a) provides the following standard for the Court: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The standard of review on appeal is de novo. *See Hill v. Carroll Cnty., Miss.*, 587 F.3d 230, 233 (5th Cir. 2009).

---

[2]  In order to be able to electronically file the Club Membership Agreement, it had to be compressed from its original size. The Club Membership Agreement was originally on legal-sized paper. Thus, the typeface on the original document would have been larger than what appears on the exhibit.

## V.
## ARGUMENT & AUTHORITIES

**A.  Ramirez executed a release of liability which encompasses the claims asserted in this action.**

As noted above, on the very first page of Ramirez's Club Membership Agreement, immediately above where Ramirez signed the agreement, is a release of liability clause. *See* Club Membership Agreement, at 1. In that clause, Ramirez expressly releases 24 Hour Fitness USA, Inc. from liability for a variety of claims, including claims for negligence. *See id.* Ramirez admitted that she signed this agreement and further admitted that she read and understood the agreement before signing it. *See* Ramirez Depo. Tr. at 46:21 – 47:25, 48:1 – 48:4.

**B.  The release of liability in the membership agreement is valid and enforceable.**

### 1.  Applicable Law

Under Texas law, releases of liability are governed by the fair notice requirements of the express negligence test and conspicuousness. *Storage & Processors, Inc. v. Reyes*, 134 S.W.3d 190, 192 (Tex. 2004); *Dresser Indus., Inc. v. Page Petroleum, Inc*, 853 S.W.2d 505, 508 (Tex. 1993); *Ethyl Corp. v. Daniel Constr. Co.*, 725 S.W.2d 705, 707 (Tex. 1987). The express negligence test requires that "the intent of the parties must be specifically stated in the four corners of the contract." *Ethyl Corp.*, 725 S.W.2d at 707. The conspicuousness prong requires "that something must appear on the fact of the [contract] to attract the attention of a reasonable person when he looks at it." *Dresser*, 853 S.W.2d at 508.

Whether or not a contract satisfies these two fair notice requirements is a question of law for the court. *Id.* at 510. A valid release "operates to extinguish the claim or cause of action as effectively as would a prior judgment between the parties and is an absolute bar to any right of action on the released matter." *Id.*

### 2. Express Negligence

The express negligence test requires a party seeking to be released from or indemnified for the consequences of its own negligence to expressly state that intent within the four corners of the contract. *See Ethyl*, 725 S.W.2d at 707-08; *see also Dresser*, 853 S.W.2d at 509 (extending fair notice requirements to releases of liability). The release of liability in Ramirez's membership agreement here does just that. *See* Club Membership Agreement, at 1. The release expressly lists "negligence" as a claim being relinquished by Ramirez. *See id.* The Club Membership Agreement clearly and specifically states the intention of the parties to bar actions such as those brought by Ramirez. *See id.* Thus, the requirements of the express negligence test are satisfied.

### 3. Conspicuousness

The "conspicuousness" requirement is met if the intent to release liability appears on the face of the document in such a way as to attract the attention of a reasonable person looking at it. *Dresser*, 853 S.W.2d at 508. "When a reasonable person against whom a clause is to operate ought to have noticed it, the clause is conspicuous." *Id.* at 511.

In *Dresser*, the Texas Supreme Court provided guidance on when a release of liability clause is deemed conspicuous. *Id.* at 510-511 (adopting standards for

conspicuousness set forth in the Texas Business & Commerce Code). "A printed heading in capitals . . . is conspicuous." *Id.* at 510-11 (quoting and adopting standards from TEX. BUS. & COM. CODE ANN. § 1.201(10) (Vernon Supp. 2006)). Language that is larger than other text in a contract or that otherwise has contrasting type or color is also deemed conspicuous. *Id.*

The release of liability clause at issue in this case satisfies the "conspicuousness" test because:

(1) the provision is on the front page of the Club Membership Agreement;

(2) the heading ("**RELEASE OF LIABILITY**") is clear and unambiguous, and it is formatted in bold, capitalized typeface larger than the text around it;

(3) the heading is also positioned in a box with a contrasting background which serves to highlight the heading;

(4) the release of liability clause is located immediately above where Ramirez signed the Club Membership Agreement; and

(5) pertinent portions of the release are formatted to be bold, underlined, or bold and underlined.

*See* Ex. D, at 1. Therefore, the release of liability is conspicuous.

### 4. **Valid and enforceable release of liability**

Since the release of liability in Ramirez's Club Membership Agreement meets both fair notice prongs (express negligence and conspicuousness), it is valid and enforceable under Texas law.

**C.     This Court has previously held that the exact same release of liability as the one at issue in this case is valid and enforceable under Texas law.**

This Court recently ruled on a similar motion for summary judgment in another case involving 24 Hour Fitness USA, Inc. *See* Quasheba Lee Memorandum Opinion and Order (Ex. D) ("Lee Opinion and Order"). That motion was also based on the release of liability contained in 24 Hour Fitness USA, Inc.'s Club Membership Agreement. *See id.*, at 3. The release of liability in Ramirez's membership agreement is the same clause considered by the Court in *Lee*. *Compare* Club Membership Agreement, at 1 *with* Lee Opinion and Order, at 11-12. In *Lee*, the Court found that the 24 Hour Fitness release of liability satisfied the express negligence test and the conspicuousness requirements. *See* Lee Opinion and Order, at 12-13. Based on the valid release of liability, the Court granted summary judgment in favor of 24 Hour Fitness USA, Inc. *See id.*, at 14.

The issue presented to the Court in this case is virtually identical to that in *Quasheba Lee*. 24 Hour Fitness USA, Inc. urges the Court to follow the same reasoning and grant summary judgment based on the release of liability.

## VI.
## CONCLUSION

Ramirez has contractually released 24 Hour Fitness USA, Inc. from all liability for the claims asserted in this action. The release of liability is valid under Texas law because it meets the fair notice requirements. As such, Ramirez's claims fail as a matter of law.

Therefore, 24 Hour Fitness USA, Inc. respectfully requests that the Court grant summary judgment in its favor and dismiss all claims asserted in this action. 24 Hour Fitness USA, Inc. further prays that the Court award it costs.

Respectfully submitted,

By: _____
Nelson Skyler
Attorney-in-charge
Texas Bar No. 00784982
S.D. Tex. No.  22969
1177 West Loop South, Tenth Floor
Houston, Texas  77027-9007
Telephone:  (713) 629-1580
Facsimile:   (713) 629-5027
Email: nskyler@brownsims.com

**COUNSEL FOR DEFENDANT**
**24 HOUR FITNESS USA, INC.**

OF COUNSEL:

BROWN SIMS

Tarush R. Anand
Texas Bar No. 24055103
S.D. Tex. No.  712010
1177 West Loop South, Tenth Floor
Houston, Texas  77027-9007
Telephone:  (713) 629-1580
Facsimile:   (713) 629-5027
Email: tanand@brownsims.com

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document has been served on all attorneys of record and/or pro-se litigants by U.S. certified mail, return receipt requested, by hand-delivery, or by electronic mail from the Clerk of this Court on December 17, 2012.

_____
Tarush R. Anand